Hofstra Univ. v United Educators
2026 NY Slip Op 03631
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Hofstra University, et al., Plaintiffs-Appellants-Respondents,
v
United Educators, Defendant-Respondent-Appellant.

Decided and Entered: June 09, 2026
Index No. 653697/24|Appeal No. 6829|Case No. 2025-02023|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Hunton Andrews Kurth LLP, New York (Michael S. Levine of counsel), for appellants-respondents.
Ansa Assuncao, LLP, White Plains (Ronald P. Schiller of counsel), for respondent-appellant.

[*1]
Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 7, 2025, which, to the extent appealed from, interpreted the term "funds" in the subject insurance policies to include sums paid by students in the form of tuition and fees for purposes of a policy exclusion, and denied defendant's motion to dismiss the amended complaint, unanimously affirmed, without costs.
In this insurance coverage dispute, exclusions paragraph 15(q) of the policies defendant issued to plaintiffs states that defendant is not liable for any loss "related to or arising out of . . . any demand for the return of funds." The court correctly found that the plain meaning of the term "funds" is sufficiently clear on its face to include the sums paid by students in the form of tuition and fees (see Federal Ins. Co. v International Bus. Machs. Corp., 18 NY3d 642, 650 [2012]). Moreover, the definition of damages under the policies explicitly excludes "the value of tuition or scholarships."
Given that the policies remain enforceable with respect to other covered losses, they are not illusory (see Lend Lease [US] Constr. LMB Inc. v. Zurich Am. Ins. Co., 136 AD3d 52, 60 [1st Dept 2015], affd on other grounds 28 NY3d 675, 685 [2017] ["[A]n insurance policy is not illusory if it provides coverage forsome acts; it is not illusory simplybecause of a potentially wide exclusion"] [internal quotation marks omitted]). Accordingly, the funds exclusion provision of the policies bars claims for reimbursement of tuition and fees.
However, while the return of funds is a significant portion of the relief requested in the underlying actions, a review of the underlying complaints indicates that the plaintiffs also seek damages beyond solely a return of tuition and fees. The underlying class action complaints seek compensatory, punitive, and/or statutory damages; injunctive relief; restitution; and such other relief as the court deems just and proper. At this stage of the proceedings, dismissal based on the exclusion is premature, as the record does not establish that the only available damages consist of a return of money paid.
Defendant's argument that the damages sought in the underlying class action lawsuits are based on wrongfully acquired funds such that public policy bars plaintiffs' claims is unavailing (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 335 [2013]).
Furthermore, defendant's duty to defend under the terms of these policies is triggered whenever the underlying claims raise the possibility of coverage, which is the
case here (see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264 [2011]). The class action suits seek damages beyond tuition and fees that fall under the scope of defendant's duty to defend.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026